■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH FURMAN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Berkowitz, J.), rendered November 1, 1989, convicting him of sodomy in

the first degree, sexual abuse in the first degree (two counts), and endangering the welfare of a child, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Any error committed by the court in denying suppression of a sheet and blanket recovered from the defendant's bedroom was harmless beyond a reasonable doubt, since the People never offered these items in evidence at the trial *(see, People v Crimmins,* 36 NY2d 230; *People v Parker,* 90 AD2d 565, *affd* 60 NY2d 714).

The unsworn testimony of the victim, who was four years old when she testified, was sufficiently corroborated to satisfy the provisions of CPL 60.20 (3). "The corroborating evidence need not be positive and direct, it may be circumstantial only" *(People v St. John,* 74 AD2d 85, 88). Here, the medical testimony established that the victim had bruises and gonorrhea which could only have been caused by sexual contact. The expert testimony established that the bruises which the victim sustained were inflicted on her during a time span that corresponds with the time at which the defendant's sister saw the victim coming out of the defendant's room naked, on a night when only the defendant was in his room. Thus, the evidence sufficiently connected the defendant to the incident and corroborated the victim's version of the events *(see generally, People v Groff,* 71 NY2d 101; *People v De Berry,* 76 AD2d 933; CPL 60.20; Penal Law § 130.16).

We reject the defendant's contention that penetration is a necessary element of sodomy in the first degree *(see, People v Francis,* 153 AD2d 901; *People v Griffith,* 80 AD2d 590; Penal Law § 130.50 [3]; § 130.00 [2]).

We have examined the defendant's remaining contentions and find them to be without merit. Balletta, J. P., Rosenblatt, Ritter and Copertino, JJ., concur.