■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BARRY ARKIM, Also Known as ED MASON, Appellant

In its charge, the trial court noted that the jury could consider whether any witness had a personal or professional interest in the outcome of the case. It is proper for a trial court to charge the jury that defendant is an interested witness *(see, People v Ochs,* 3 NY2d 54, 56). While the charge must be reasonably balanced *(People v Bell,* 38 NY2d 116, 120), it is for the jury to determine whether a witness is

interested in the outcome of a case *(People v Suarez,* 125 AD2d 350, *lv denied* 69 NY2d 750). From our review of the court's charge in its entirety, we conclude that the court properly marshalled the evidence necessary to explain the application of the law to the facts and did not deprive defendant of a fair trial.

The evidence was legally sufficient to support defendant's conviction of sodomy in the first degree under count two of the indictment. Penetration is not an essential element of forcible sodomy *(see, People v Froats,* 163 AD2d 906, *lv denied* 76 NY2d 940; *People v Reed,* 144 AD2d 932, *lv denied* 73 NY2d 925; *People v Griffin,* 96 AD2d 720). Viewing the evidence, as we must, in the light most favorable to the People *(see, People v Ford,* 66 NY2d 428, 437), we conclude that the evidence was legally sufficient to establish contact between the defendant's penis and the victim's anus *(see,* Penal Law § 130.00 [2]; § 130.50 [1]).

We have reviewed the other issues raised on appeal including those in defendant's *pro se* supplemental brief and find that none has any merit. Defendant failed to raise, either before the suppression court or at trial, the issue whether his statements to the police were obtained in violation of his right to counsel on the ground that he was represented by counsel on pending unrelated charges. Thus, that issue has not been preserved for appellate review *(see,* CPL 470.05 [2]; *People v Adams,* 57 NY2d 1035, 1037). In any event, defendant's argument is without merit *(see, People v Bing,* 76 NY2d 331, 337). (Appeal from Judgment of Erie County Court, D'Amico, J.— Rape, 1st Degree.) Present—Denman, P. J., Callahan, Boomer, Lawton and Davis, JJ.