Barry ARKIM, a/k/a Edward Mason, Petitioner,

v.

Frank E. IRVIN, Superintendent, Respondent.

No. 96–CV–0590H.

United States District Court, W.D. New York.

Feb. 9, 1998.

Barry Arkim, Alden, NY, Pro se.

J. Michael Marion, Asst. Dist. Atty., Kevin M. Dillon, Dist. Atty., Buffalo, NY, for Frank E. Irvin.

## DECISION AND ORDER

HECKMAN, United States Magistrate Judge.

The parties have consented pursuant to 28 U.S.C. § 636(c) to have the undersigned conduct all further proceedings in this petition for habeas corpus relief under 28 U.S.C. § 2254. For the reasons that follow, the petition is denied.

1. N.Y.Penal Law § 20.00 provides as follows:
 **Criminal liability for conduct of another**
 When one person engages in conduct which constitutes an offense, another person is criminally liable for such conduct when, acting with the mental culpability required for the commission thereof, he solicits, requests, com-

## BACKGROUND

On April 27, 1990, petitioner was indicted by the Erie County grand jury on one count of rape in the first degree (N.Y.Penal Law § 130.35(1)), two counts of sodomy in the first degree (N.Y.Penal Law § 130.50(1)), two counts of burglary in the first degree (N.Y.Penal Law § 140.30(2) and (3)), one count of assault in the second degree (N.Y.Penal Law § 120.05(6)), and one count of criminal possession of a weapon in the third degree (N.Y.Penal Law § 265.02(1)). Each count of the indictment was also charged under N.Y.Penal Law § 20.00.[1]

The indictment stemmed from petitioner's arrest on November 17, 1989, following a police investigation of the rape of Linda Shipley November 13, 1989, at her apartment on Howlett Street in the City of Buffalo. On November 20, 1990, after a four-day jury trial, petitioner was convicted on all counts charged in the indictment. He was sentenced as a persistent violent felony offender to an indeterminate prison term of twenty-five years to life on each count, with the terms imposed on the first three counts of the indictment to run consecutively (S.27–28).[2]

Notice of appeal was filed on petitioner's behalf by his trial counsel, Robert M. Goldstein. The Legal Aid Bureau of Buffalo, Chrysanthe E. Vergos of counsel, was assigned as appellate counsel. The following grounds were set forth in counsel's appellate brief:

1. The trial court improperly instructed the jury that petitioner was an interested witness, that they could consider the previous convictions of petitioner and his witnesses in evaluating their credibility, and that the trial court marshaled the evidence in an unbalanced and improper manner.

2. Insufficient evidence to support petitioner's conviction of sodomy in the

mands, importunes, or intentionally aids such person to engage in such conduct.

2. References preceded by "S." are to pages of the transcript of petitioner's sentencing, on file with the Clerk of the Court as part of petitioner's State Court Records.

first degree under count two of the indictment.

(State Court Records, Ex. A). Petitioner also submitted a supplemental appellate brief *pro se*, setting forth the following additional grounds for appeal:

3. Failure to suppress petitioner's statements to the police obtained in violation of his right to counsel.

4. Lack of corroborating evidence to support the rape and sodomy convictions.

5. Prosecutorial misconduct based on cross-examination with respect to petitioner's prior conviction for attempted robbery.

(*Id.*, Ex. C).

On January 31, 1992, the Appellate Division unanimously affirmed the judgment of conviction. *People v. Arkim*, 179 A.D.2d 1019, 580 N.Y.S.2d 120 (4th Dept.1992). The court specifically ruled that the trial court properly charged the jury on petitioner's interest in the outcome, and properly marshaled the evidence necessary to explain the application of the law to the facts. The Appellate Division also ruled that the evidence was legally sufficient to support the conviction of sodomy in the first degree. *Id.*, 179 A.D.2d at 1019–20, 580 N.Y.S.2d at 121. With respect to the remaining grounds for appeal, the court ruled as follows:

> We have reviewed the other issues raised on appeal including those in [petitioner]'s *pro se* supplemental brief and find that none has any merit. [Petitioner] failed to raise, either before the suppression court or at trial, the issue whether his statements to the police were obtained in violation of his right to counsel on the ground that he was represented by counsel on pending unrelated charges. Thus, that issue has not been preserved for appellate

review. In any event, [petitioner]'s argument is without merit.

*Id.* On April 15, 1992, the Court of Appeals denied petitioner's request for leave to appeal. *People v. Arkim*, 79 N.Y.2d 997, 584 N.Y.S.2d 451, 594 N.E.2d 945 (1992).

On September 3, 1996, petitioner filed his petition in this court for habeas corpus relief pursuant to 28 U.S.C. § 2254 (Item 1). Petitioner asserts the following as grounds for habeas relief:

1. Denial of a fair trial by virtue of the trial court's failure to give "balanced" jury instructions.

2. Insufficient evidence presented at trial to convict petitioner of sodomy.

3. Failure to suppress petitioner's statements to the police obtained in violation of his right to counsel.

4. Lack of corroborating evidence to support the rape and sodomy convictions.

(Item 1, ¶ 12). Subsequently, on January 7, 1997, petitioner submitted a "Statement of Facts and Memorandum of Law" (Item 7), setting forth the following additional grounds:

5. Prosecutorial misconduct, based on the prosecutor's misrepresentation of the evidence pertaining to the victim's contracting of gonorrhea.

6. Ineffective assistance of counsel, based on trial counsel's failure to present exculpatory evidence showing that petitioner tested negative for gonorrhea.[3]

Each of these grounds is addressed in turn below.

## DISCUSSION

### 1. Jury Instructions.

 As a general matter, "[i]n order to obtain a writ of habeas corpus in federal

---

3. Neither of these grounds for habeas corpus relief was presented to the state courts on direct appeal. *See* 28 U.S.C § 2254(b)(1) (requiring exhaustion of available state court remedies). However, the materials contained in petitioners State Court Records on file with this court indicate that petitioner attempted to raise these grounds to the state courts by way of various post-conviction motions and appeals (*see, e.g.,* Items 10. 11). In any event, under the federal habeas statute as amended effective April 24,

1996, "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of a State." 28 U.S .C. § 2254(b)(2). Accordingly, in the interests of justice and finality, and giving the petition the broad construction to which it is entitled, *see Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), the court will consider the merits of each of the grounds listed.

court on the ground of error in a state court's instruction to the jury on matters of state law, the petitioner must show not only that the instruction misstated state law but also that the error violated a right guaranteed to him by federal law." *Casillas v. Scully,* 769 F.2d 60, 63 (2d Cir.1985). The question for the habeas court is "whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." *Cupp v. Naughten,* 414 U.S. 141, 147, 94 S.Ct. 396, 38 L.Ed.2d 368 (1973). In making this determination, the challenged portion of the jury instructions "may not be judged in artificial isolation," *id.,* "but rather must be judged as the jury understood it, as part of the whole instruction, and indeed, as part of all the proceedings that were observed by the jury." *Chalmers v. Mitchell,* 73 F.3d 1262, 1267 (2d Cir.1996). *Chalmars v. Mitchell,* —— U.S. ——, 117 S.Ct. 106, 136 L.Ed.2d 60 (1996).

■ The Second Circuit has upheld convictions despite jury instructions that emphasized the defendant's motive to falsify his or her testimony, as long as the instructions contained appropriate "balancing language." *United States v. Matias,* 836 F.2d 744, 749–50 (2d Cir.1988). Thus:

> Where the court points out that testimony of certain types of witnesses may be suspect and should therefore be scrutinized and weighed with care, such as that of . . . defendant[ ], . . . it must also direct the jury's attention to the fact that it may well find these witnesses to be truthful, in whole or in part. . . . In short, the court should not emphasize the suspect nature of the testimony of certain witnesses without pointing out that they may be believed.

*United States v. Gleason,* 616 F.2d 2, 15 (2d Cir.1979), *cert. denied,* 444 U.S. 1082, 100 S.Ct. 1037, 62 L.Ed.2d 767 (1980), *quoted in Matias, supra; see also United States v. Smith,* 778 F.2d 925, 929 (2d Cir.1985).

In this case, the trial court instructed the jury as follows:

> You, of course, also have a right to consider whether any witness has shown bias or prejudice or has a personal or professional interest in the outcome of the case which might cause him or her to color or to

embellish his [or her] testimony or to testify to something other than the truth. However, even if you find that a witness is an interested witness, remember, there is no legal presumption that he or she did not tell the truth, nor is there a legal presumption that a disinterested witness did, in fact, tell the truth. The question of the interest of a witness and its effect upon that witness's testimony is for you to decide from all of the evidence in the case.

\* \* \* \* \* \*

Although not required to do so, the defendant in this case testified in his own behalf. His testimony should be considered by you as you would the testimony of any other witness as well. The defendant is, of course, an interested witness. He's interested in the outcome of this trial. You may as jurors wish to keep such interest in mind in determining the weight and credibility to be given to his testimony. You should not, however, reject the testimony of the defendant merely because of his interest. It is your duty as in the case of all witnesses to accept such testimony of the defendant you believe to be truthful and reject only such testimony you believe to be false.

(T. 370–71; 372–73).

This language is in accord with similar language approved by the Second Circuit as "sufficient balancing language." *United States v. Matias, supra,* 836 F.2d at 750 (citing *United States v. Vega,* 589 F.2d 1147, 1154 & n. 6 (2d Cir.1978)) ("[A] defendant's vital interest in the outcome of his trial is not inconsistent with the ability to render truthful testimony . . . [; a] defendant's testimony is to be judged in the same way as that of any other witness."); *see also Jones v. Hollins,* 884 F.Supp. 758, 767 (W.D.N.Y.), *aff'd,* 89 F.3d 826 (2d Cir.1995).

Accordingly, upon review of the jury instructions as a whole, in the context of the record of the entire proceedings before the jury, I find that petitioner has failed to show that the trial court's "interested witness" instruction was so unbalanced as to deny him due process.

## 2. Insufficient Evidence.

 Petitioner also claims that the evidence presented to the jury was insufficient to convict him of sodomy in the first degree. Similar to the standard for habeas corpus review of the state court's jury instructions, a claim of insufficiency of evidence is essentially a question of state law, and does not rise to the level of a federal constitutional claim absent a record so totally devoid of evidentiary support that a due process issue is raised. *Bossett v. Walker,* 41 F.3d 825, 830 (2d Cir. 1994), *cert. denied,* 514 U.S. 1054, 115 S.Ct. 1436, 131 L.Ed.2d 316 (1995); *Mapp v. Warden, New York State Correctional Institution,* 531 F.2d 1167, 1173 n. 8 (2d Cir.), *cert. denied,* 429 U.S. 982, 97 S.Ct. 498, 50 L.Ed.2d 592 (1976); *Howe v. Scully,* 582 F.Supp. 277, 278–79 (S.D.N.Y.1984). When reviewing a claim of sufficiency of the evidence in the context of a habeas corpus petition, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 318, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

Under the pertinent provisions of the New York Penal Law, "[a] person is guilty of sodomy in the first degree when he engages in deviate sexual intercourse with another person ... [b]y forcible compulsion." N.Y.Penal Law § 130.50(1). " 'Deviate sexual intercourse' means sexual conduct between persons not married to each other consisting of contact between the penis and the anus, the mouth and penis, or the mouth and the vulva." N.Y.Penal Law § 130.00(2).

In his appellate brief, upon which petitioner relies in support of this claim for habeas relief, petitioner argued that the evidence was insufficient for the jury to find beyond a reasonable doubt that there was contact between his penis and the victim's anus. The Appellate Division specifically rejected this argument, finding that "[p]enetration is not a necessary element of sodomy in the first degree ..." under N.Y.Penal Law §§ 130.50(1) and 130.00(2). and that "the evidence was legally sufficient to establish contact between [petitioner]'s penis and the victim's anus." *People v. Arkim, supra,* 179 A.D.2d at 1020, 580 N.Y.S.2d at 121. This determination is supported by the caselaw, *see, e.g., Dean v. Superintendent, Clinton Correctional Facility,* 1995 WL 818660, at *6 (W.D.N.Y.1995); *People v. Gutkaiss,* 206 A.D.2d 584, 587–88, 614 N.Y.S.2d 462, 465 (3rd Dept.), *appeal denied,* 84 N.Y.2d 936, 621 N.Y.S.2d 533, 645 N.E.2d 1233 (1994); *People v. Furman,* 177 A.D.2d 591, 592, 576 N.Y.S.2d 306, 307 (2nd Dept.1991), as well as by the evidence presented to the jury at petitioner's trial (*see* T. 51, 88). Viewing this evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime of sodomy in the first degree—*i.e.,* forcible contact between petitioner's penis and the victim's anus—beyond a reasonable doubt.

Accordingly, petitioner is not entitled to habeas corpus relief on the ground of insufficient evidence.

## 3. Failure to Suppress Statements to Police.

 Petitioner claims that the trial court erred by failing to suppress statements to police obtained in violation of his right to counsel. Petitioner argued in his *pro se* supplemental appellate brief that, at the time of his arrest on November 17, 1989, police detectives elicited incriminating statements from him after he asserted his right to remain silent on the ground that he was represented by counsel on pending unrelated charges. The Appellate Division specifically rejected this argument, finding that petitioner failed to raise the issue, either before the suppression court or at trial. *People v. Arkim, supra,* 179 A.D.2d at 1020, 580 N.Y.S.2d at 121. The court also rejected the argument on its merits, citing *People v. Bing,* 76 N.Y.2d 331, 337, 559 N.Y.S.2d 474, 558 N.E.2d 1011 (1990).

In *Bing,* the New York Court of Appeals held that a criminal defendant, who had been represented by counsel on prior pending unrelated charges, was not deprived of the right to counsel under the State Constitution where, in the absence of counsel, the defendant waived his or her *Miranda* rights and

made statements in response to police questioning on matters unrelated to the prior pending charge. This holding is in accord with federal constitutional law. *See McNeil v. Wisconsin,* 501 U.S. 171, 175–76, 111 S.Ct. 2204, 115 L.Ed.2d 158 (1991) (Sixth Amendment right to counsel is "offense specific"); *see also Blagrove v. Mantello,* 104 F.3d 350 (2d Cir.1996); *Alexander v. State of Connecticut,* 917 F.2d 747 (2d Cir.1990), *cert. denied,* 501 U.S. 1219, 111 S.Ct. 2831, 115 L.Ed.2d 1000 (1991); *United States v. Whitcomb,* 968 F.Supp. 163 (D.Vt.1997).

In this case, the record shows that on November 17, 1989, petitioner was questioned at Buffalo police headquarters by Officers Mary Gugliuzza and Patricia Bowers, in the presence of Lieutenant Paul Reinig (*see* H. 4;[4] *see also* November 17, 1989 Statement, State Court Records). Petitioner waived his right to have counsel present (H.8–10). The officers did not question petitioner about any prior pending charges.

Accordingly, petitioner is not entitled to habeas corpus relief on the ground that the trial court failed to suppress his statements to police.[5]

### 4. Lack of Corroborating Evidence.

Petitioner claims that the evidence presented at his trial was insufficient to corroborate the victim's testimony, as required for a sodomy conviction under N.Y.Penal Law § 13016.[6] However, corroboration is not required where the sodomy conviction is based upon forcible compulsion. *People v.*

*Taylor,* 124 A.D.2d 1002, 508 N.Y.S.2d 785 (4th Dept.1986), *appeal denied,* 69 N.Y.2d 834, 513 N.Y.S.2d 1042, 506 N.E.2d 553 (1987). Accordingly, petitioner has failed to demonstrate that his sodomy conviction was obtained in violation of state or federal law, and he is not entitled to habeas corpus relief on this ground.

### 5. Prosecutorial Misconduct.

In her summation to the jury, the prosecutor stated as follows:

> [P]hysical proof of the sexual intercourse was the gonorrhea. [The victim] contracted gonorrhea while she was in the hospital [between November 14 and 17, 1989]. The defendant told [arresting officer] Detective Teague, hey, does she have gonorrhea, because I do. Now he tries to tell us that he didn't tell Detective Teague that he had gonorrhea, but you heard Detective Teague testify. Why would he say the defendant said he had gonorrhea if he didn't. Detective Teague didn't know Linda Shipley had gonorrhea. Linda Shipley didn't even know at that point that she had contracted gonorrhea.

(T. 353). Petitioner claims that the prosecutor's reference to the victim's contracting of gonorrhea severely prejudiced his case. According to petitioner, his medical records conclusively establish that he tested negative for gonorrhea shortly after the November 13, 1989 incident.

---

**4.** References preceded by "H." are to pages of the transcript of petitioner's *Huntley* hearing (*see People v. Huntley,* 15 N.Y.2d 72, 255 N.Y.S.2d 838, 204 N.E.2d 179 (1965)), on file with the Clerk of the Court as part of petitioner's State Court Records.

**5.** To the extent that petitioner seeks habeas corpus review based on the Fourth Amendment, his request is barred by the Supreme Court's holding in *Stone v. Powell,* 428 U.S. 465, 481–82, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976) ("[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial."); *see also Capellan v. Riley,* 975 F.2d 67, 70 (2d Cir.1992).

**6.** N.Y.Penal Law § 130.16 provides:

> A person shall not be convicted of consensual sodomy, or an attempt to commit the same, or of any offense defined in this article of which lack of consent is an element but results solely from incapacity to consent because of the victim's mental defect, or mental incapacity, or an attempt to commit the same, solely on the testimony of the victim, unsupported by other evidence tending to:
> (a) Establish that an attempt was made to engage the victim in sexual intercourse, deviate sexual intercourse, or sexual contact, as the case may be, at the time of the occurrence; and
> (b) Connect the defendant with the commission of the offense or attempted offense.

■ On a petition for a writ of habeas corpus, the appropriate standard of review for a claim of prosecutorial misconduct is "the narrow one of due process...." *Donnelly v. DeChristoforo,* 416 U.S. 637, 642, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974). A federal court must distinguish between "ordinary trial error of a prosecutor and that sort of egregious misconduct ... amount[ing] to a denial of constitutional due process," *Id.* at 647–48. The issue is whether "the prosecutorial remarks were so prejudicial that they rendered the trial in question fundamentally unfair." *Garofolo v. Coomb,* 804 F.2d 201, 206 (2d Cir.1986); *see also Bacchi v. Senkowski,* 884 F.Supp. 724, 733 (E.D.N.Y.1995), *aff'd,* 101 F.3d 683 (2d Cir.), *cert. denied,* — U.S. —, 117 S.Ct. 237, 136 L.Ed.2d 167 (1996).

■ Under the law of the Second Circuit, a court must consider the following three factors in determining whether a criminal defendant has sustained "substantial prejudice" as a result of the prosecutor's summation: (1) the severity of the misconduct, (2) the measures adopted to cure the misconduct, and (3) the certainty of conviction absent the improper statements. *United States v. Modica,* 663 F.2d 1173, 1181 (2d Cir.1981), *cert. denied,* 456 U.S. 989, 102 S.Ct. 2269, 73 L.Ed.2d 1284 (1982).

Considering the third factor first, I find that conviction was certain even absent the prosecutor's statements to the jury about the evidence of gonorrhea. In addition to the victim's testimony, the jury heard the testimony of the physician who performed the rape examination; the testimony of the physician who treated the victim for her multiple bodily injuries; and the testimony of the victim's neighbor, who called the ambulance and saw a naked man running from the victim's house. In addition, the physical evidence presented at trial included petitioner's pants, shoes, wallet, diary and other personal belongings found at the victim's apartment by investigating officers.

In light of this overwhelming proof of petitioner's guilt, I find that even if the prosecutor's statements to the jury were improper, petitioner has failed to establish that he suffered substantial prejudice. Accordingly, petitioner is not entitled to habeas corpus relief on the ground of prosecutorial misconduct.

### 6. Ineffective Assistance of Counsel.

■ Finally, petitioner claims that he was denied his right to the effective assistance of counsel, based on his trial counsel's failure to present the medical evidence showing that petitioner tested negative for gonorrhea.

In order to obtain habeas relief on this ground, petitioner must show (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

> This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment ... [and] that counsel's errors were so serious *as* to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction ... resulted from a breakdown in the adversary process that renders the result unreliable.

*Id.*

As discussed above, the proof of petitioner's guilt was overwhelming even absent the evidence of the victim's gonorrhea. Thus, counsel's failure to present petitioner's medical records did not prejudice the defense. Accordingly, petitioner is not entitled to habeas corpus relief on the ground of ineffective assistance of counsel

### CONCLUSION

Based on the foregoing, this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 is denied in its entirety. The Clerk of the Court is directed to enter judgment in favor of respondent.

In light of this ruling, petitioner's motion for a hearing (**Item 16**) is also denied.

Pursuant to 28 U.S.C. § 1915(a)(3), the court certifies that an appeal from this decision and order may not be taken *in forma pauperis* because such an appeal would be

frivolous and cannot be taken in good faith. *See Coppedge v. United States,* 369 U.S. 438, 444–45, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962). The court also finds that the petition presents no question of substance for appellate review, and that petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Fed.R.App.P. 22(b). Accordingly, a certificate of appealability will not issue.

**SO ORDERED.**