■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARINEL SRBU and GEORGE SMOLIAN, Appellants.—Appeal by defendants from two judgments (one as to each of them) of the Supreme Court, Kings County, rendered June 8, 1973, convicting defendant Srbu of assault in the third degree and convicting defendant Smolian of assault in the second degree, upon jury verdicts, and imposing sentence. Judgments reversed, as a matter of discretion in the interest of justice, and new trial ordered. The charges set forth in the indictment are based upon an altercation which took place in a bar and grill; the defendants are alleged to have assaulted one Milan Kiser, the owner and bartender. Kiser had sold the bar and grill before the date of the trial. In its charge to the jury, the trial court properly stated that, in determining the credibility of the witnesses, "you have a right to consider their interest or apparent interest or lack of interest in the outcome of the case" and that "there's no doubt but that these defendants are directly interested in the outcome of this case. They are considered in law as interested witnesses." Defendants requested the trial court to charge that "the complainant is an interested witness." The trial court refused to so charge and an exception was duly taken. The request was improper in form since Kiser was not an interested witness as a matter of law. In this case, however, where it was asserted by the defendants that Kiser was responsible for starting the altercation, and where his right to operate and maintain a licensed liquor business, then or thereafter, might be placed in jeopardy if he were found to have been the assailant, and where he signed the complaint in the Criminal Court, thus subjecting himself to a possible suit for false arrest or malicious prosecution, it is clear that he could,

factually, have been considered an interested witness by the jury. The issues here were sharply contested. The trial court, having been alerted to the basis of the defendants' request, even though it was improperly phrased, should have submitted to the jury the question of whether Kiser had an interest in the outcome of the case, which interest tended to bias him in his testimony. The charge that the defendants were interested witnesses as a matter of law, when juxtaposed with the refusal to charge any possible interest that the complainant might have had, may well have been crucial in the determinations which the jury arrived at. Under the circumstances, we believe that the interest of justice requires a new trial. Cohalan, Shapiro and Titone, JJ., concur; Martuscello, Acting P. J., and Rabin, J., dissent and vote to affirm the judgments, with the following memorandum: On the record presented on this appeal, the owner-bartender, Milan Kiser, was a disinterested witness. Thus, the trial court's refusal of defendants' request to submit to the jury the question of whether Kiser had an interest in the outcome of the case which might affect his testimony, was proper. The record is clear that, although Kiser was the complaining witness, he had no financial interest in the outcome of the case (see Richardson, Evidence [10th ed], § 399). By the date of the trial, Kiser had sold the bar and was no longer engaged in the bar and restaurant business. There is nothing in the record to indicate that he intended to return to the licensed liquor business; thus, the assertion that his right to operate and maintain such a business in the future might be jeopardized if he were found to have been the assailant in this matter is purely speculative. The majority points out that Kiser had subjected himself to a potential suit for false arrest or malicious prosecution by signing the Criminal Court complaint and argues that this provides further reason for submitting an "interested witness" charge to the jury. The answer to this argument is that, at the time of the trial, the one-year Statute of Limitations governing suits for assault, battery, false imprisonment and malicious prosecution had expired, thus removing any incentive Kiser might have had to testify falsely out of fear of civil liability. In addition, in charging the jury on evaluating the credibility of witnesses, the trial court stated that "you have a right to consider their interest or apparent interest or lack of interest in the outcome of the case". Moreover, the trial court instructed the jurors to use the same standards in evaluating the credibility of witnesses that they used in their daily lives. These portions of the charge rendered unnecessary the further instructions sought by the defendants.