■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WHEELER BRABHAM, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered January 13, 1978, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law and as a matter of discretion in the interest of justice, and new trial ordered. Presented with several conflicting versions of the events preceding the fatal stabbing of one Kenneth Spencer, the jury was faced with the task of determining the applicability of the defense of justification raised by the accused. Despite the court's initial charge on justification which was correct on the law, the jury apparently had considerable difficulty in applying the principles enunciated therein. In four days of deliberations the jury returned no less than six times for further instructions on the issue. Faced with such obvious confusion, the trial court was obligated to do more than merely reiterate its initial charge. "Certainly, a mere offer to reread the principal charge—although it was correct—would be of little help to a perplexed jury. If the jurors did not comprehend the original charge—and have asked for further instructions— it is unlikely that they would glean the resolution of their doubts as to the applicable law from a reiteration of that very same charge" (People v Miller, 6 NY2d 152, 156). Moreover, in light of the jurors' apparent difficulty in applying the law to the facts, in addition to clarifying the initial charge, the court should have marshaled the evidence to explain the legal implications of the possible findings of fact to the law of justification (People v Conigliaro, 20 AD2d 930). In light of the closeness of the case, and the fundamental nature of the error (see People v Gonzalez, 293 NY 259) it is our opinion that a reversal in the interest of justice is required despite defendant's failure to preserve the error by taking exception to the repeated instructions on the issue. In explaining the concept of interested witnesses, the trial court instructed the jury that defendant, by virtue of his interest in the outcome of the case, was an interested witness. The court neglected to continue, however, that if defendant's version of the events were correct, several of the principal prosecution witnesses would be subject to criminal liability and in this respect were interested as well. A trial court is obligated to deliver balanced instructions to the jury in a criminal case, particularly where there are closely contested issues of fact (People v Bell, 38 NY2d 116, 120; People v Johnson, 6 AD2d 181, 183). Since the court instructed the jury that defendant was an interested witness, the interests of prosecution witnesses should also have been noted (see People v Russillo, 65 AD2d 608). The court also erred in allowing the prosecutor to elicit, over defense objection, that a relative of the accused had threatened to have a witness killed should defendant be convicted. Such testimony was highly inflammatory and, since it was unconnected to defendant, had no bearing upon his culpability (People v Sarra, 283 App Div 876, affd 308 NY 302; People v Roland, 40 AD2d 1007). Damiani, J. P., Gibbons, Margett and Martuscello, JJ., concur.