■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAROLD WALKER, Appellant. — Appeal by defendant from (1) a judgment of the Supreme Court, Kings County (Ramirez, J.), rendered April 19, 1982, convicting him of robbery in the second degree (two counts) and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence, and (2) an amended judgment of the same court, also rendered April 19, 1982, adjudicating him in violation of probation, and imposing sentence.

Judgment and amended judgment affirmed.

The evidence reveals that, while walking along Newkirk Avenue in Brooklyn on August 25, 1981, three young men were accosted by defendant, who was wielding an imitation pistol and who demanded their jewelry and money. Two of these men testified at trial that after certain items of property were surrendered, the defendant started to run, and all three of them chased, subdued and punched the defendant in order to regain their property. The third victim, who at the time of trial resided in Boston and refused the requests of the People to come to Brooklyn to testify, did not appear at trial.

Since the third witness, as a resident of the State of Massachusetts, is subject to subpoena in a criminal proceeding in this State only upon showing of the materiality of his testimony (CPL 640.10; *People v McCartney*, 38 NY2d 618), he cannot be said to have been in the control of the People in a literal sense, because the People could not independently command him to appear at trial. Moreover, inasmuch as there was no showing that his testimony would have contradicted or added to the testimony of the other victims in any way, the court did not err in denying defendant's requests for a missing witness charge (*People v Almodovar*, 62 NY2d 126, 132-133). Further, even were the failure to deliver a missing witness charge error, it would be harmless error under the circumstances of this case (*People v Crimmins*, 36 NY2d 230).

The defense offered the testimony of a single witness, the sister of defendant, who testified that defendant was wearing one of the allegedly stolen pieces of jewelry prior to the occurrence. This testimony failed to create a clear inference that the witnesses robbed defendant, rather than the other way around, as now contended on appeal. There was only one version of the events in evidence, the People's version. There was no evidence to contradict the victims' testimony that defendant robbed them at gunpoint notwithstanding that the victims also admitted that, when they caught defendant immediately after the robbery, they hit him. In light of these uncontested facts, no

interested witness charge was required (cf. *People v Brabham,* 77 AD2d 626; *People v Srbu,* 51 AD2d 978). Even if the court's failure to so instruct the jury were error, it, too, would be harmless (*People v Crimmins, supra*). Finally, defendant's claim that his sentence was excessive is without merit. Niehoff, J. P., Boyers, Lawrence and Eiber, JJ., concur.