■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDDIE STOKES, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County (Sullivan, J.), rendered May 18, 1983, convicting him of manslaughter in the first degree, upon a jury verdict, and sentencing him, as a second felony offender, to 12½ to 25 years' imprisonment.

Judgment affirmed.

Subsequent to the *Sandoval* hearing in this matter, defendant decided not to testify during the course of the trial. However, his videotaped statement made to an Assistant District Attorney at the time of his arrest was introduced into evidence. The court, as part of its instructions to the jury, charged that "a defendant in a criminal case has an interest in the outcome. You may consider that fact when evaluating

the video tape of defendant's statement". Defendant objects to that portion of the trial court's charge.

A judge may properly instruct a jury to consider a defendant's interest in assessing his credibility *(see, People v Ochs,* 3 NY2d 54; *People v Demery,* 60 AD2d 606). The videotaped statement was properly considered as if it were made by defendant actually testifying at trial *(see,* 3A Wigmore, Evidence § 884 [Chadbourn revision]) and no comment was made with respect to defendant's failure to testify in person *(cf. People v McLucas,* 15 NY2d 167). The jury was properly provided with guidelines to evaluate the videotaped statement in terms of defendant's obvious interest, and, therefore, such a jury charge was not error.

Defendant also contends that the trial court erred in refusing to charge the jury as to lesser included offenses, namely, manslaughter in the second degree and criminally negligent homicide. A lesser included offense must be charged when any reasonable view of the evidence would warrant a verdict of guilty of the lesser included offense rather than of the greater offense *(see, People v Mills,* 105 AD2d 759). Since there was no such view of the evidence in this case to warrant such a verdict, the court properly refused to submit to the jury the lesser included offenses requested *(see,* CPL 300.50 [1]; *People v Green,* 56 NY2d 427, *rearg denied* 57 NY2d 775; *People v Bell,* 111 AD2d 926). Lazer, J. P., Bracken, Weinstein and Kunzeman, JJ., concur.