■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CECILIO REYES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rubin, J.), rendered April 20, 1982, convicting him of manslaughter in the first degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

The evidence adduced at trial was sufficient to permit a rational trier of fact to find that the defendant was guilty of the crimes charged *(People v Contes,* 60 NY2d 620). The defendant was seen near the scene of the stabbing by several witnesses just prior to the event, and one witness observed the defendant's participation in the crime itself. While the witnesses' accounts of the precise shade of the defendant's hair and the color of his car differed slightly, these variances were not sufficiently great to discount their testimony. Credibility is a matter reserved primarily for the jury and we have traditionally been resistent to second guess its determination on this issue *(see, People v Gruttola,* 43 NY2d 116; *People v Di Girolamo,* 108 AD2d 755, *lv denied* 64 NY2d 1133). Minor discrepancies between the testimony of witnesses is not sufficient to show that the testimony of a witness was incredible as a matter of law *(see, People v Di Girolamo, supra).*

Lastly, the court's interested witness charge properly advised the jury, in accordance with 1 CJI (NY) 7.03 (at p 269), that they might consider the interest of any witness. The

defendant's requested charge with respect to the interest of the witnesses was improper in that it sought an instruction that several of the People's witnesses were interested as a matter of law; under the circumstances of this case, the question of a witness's interest was a question of fact for the jury (People v Jackson, 80 AD2d 904; People v Srbu, 51 AD2d 978). Moreover, although the court should have properly balanced its charge by including the possible interest of the victim's brother, as it had with respect to the claimed interest of the defendant's sons and daughter-in-law (see, People v Brabham, 77 AD2d 626), this error was harmless (see, People v Crimmins, 36 NY2d 230). Even discounting the testimony of the victim's brother, sufficient evidence, if credited by the jury, was adduced as to the defendant's guilt. Mangano, J. P., Thompson, Brown and Eiber, JJ., concur.