■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE SUAREZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Fuchs, J.), rendered April 27, 1984, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

There is no requirement that a trial court instruct the jury that the prosecution's witnesses are interested as matter of law. It is proper for a trial court to charge that a defendant is an interested witness *(see, People v Ochs,* 3 NY2d 54, 56; *People v Stokes,* 117 AD2d 693, 694), provided the court also indicates that the prosecution's witnesses may be interested *(see, People v Reyes,* 118 AD2d 666; *People v Astol,* 118 AD2d 578; *People v Brabham,* 77 AD2d 626; *People v Srbu,* 51 AD2d 978). While a trial court must give a balanced charge *(see, People v Bell,* 38 NY2d 116, 120), the determination of whether a witness is interested in the outcome of a case is ordinarily a question of fact for the jury's determination *(see, People v Gerdvine,* 210 NY 184, 186; *People v Reyes, supra; People v Srbu, supra).* Accordingly, the court did not err in refusing to grant the defendant's request to charge that the

prosecution's police witnesses are interested as a matter of law *(see, People v Simpson,* 99 AD2d 555, 556).

The defendant's remaining contentions are either unpreserved for appellate review *(see, People v Teeter,* 47 NY2d 1002) or without merit *(see, People v Galloway,* 54 NY2d 396). Thompson, J. P., Bracken, Rubin and Spatt, JJ., concur.