■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHELLE BOWEN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Broomer, J.), rendered January 30, 1986, convicting her of grand larceny in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On the instant appeal, the defendant argues that the trial court committed various errors in its charge to the jury. We disagree. Specifically, the defendant initially argues that the trial court gave an improper "Allen" charge, before the jury even retired for deliberations, which carried a great potential to coerce jurors holding a minority position. Insofar as the court merely instructed the jurors to listen to each other's arguments with open minds, to make their decisions based on a reasonable, rather than emotional, evaluation of the evi-

dence, and, to attempt to come to a unanimous verdict, one way or the other, we find no impropriety. The instructions were essentially neutral, and did not coerce the jurors to reach a certain verdict, or any verdict *(see, People v Pagan,* 45 NY2d 725; *People v Eley,* 121 AD2d 462, *lv denied* 68 NY2d 769; *People v Hardy,* 109 AD2d 802). Moreover, it was entirely proper for the court to include such instructions in its initial charge to the jury *(see, People v Ali,* 47 NY2d 920), thereby directing the instruction at the jury in general without singling out 1 or 2 jurors.

The defendant next argues that the trial court erred in instructing the jury that the defendant's confession to the complainant could be considered as evidence if the statements were found to have been voluntarily made, without also instructing that the statements must be found to be truthful as well. In support of this argument, the defendant relies solely on the sample jury instruction set forth in 1 CJI(NY) 11.01, which incorporates an instruction on truthfulness into the charge on voluntariness of a confession. While it is true that a statement admitting guilt which is found to be voluntary must be evaluated by the jury for its truthfulness, there is no requirement that the issue of truthfulness of the confession be held to a higher degree of scrutiny than other evidence of guilt. CPL 710.70 merely requires that, with respect to confessions, the jury be specifically instructed on the issue of voluntariness. Thus, insofar as the instant charge specifically instructed the jury on the voluntariness of the defendant's confession, and generally instructed the jury as to the standards by which it must evaluate the truthfulness of all evidence, we conclude that, the charge, taken as a whole, adequately set forth the legal standards that the jury had to apply in its evaluation of the defendant's statements.

With respect to the defendant's remaining argument, i.e., that the court's interested witness charge was unbalanced, we note, preliminarily, that this claim has not been preserved for appellate review *(see,* CPL 470.05 [2]; *People v Thomas,* 50 NY2d 467). In any event, the court's charge properly set forth the standards for evaluating the interest of a witness, and gave a balanced recitation of the interest of the complaining witness as well as that of the defendant *(see, People v Ochs,* 3 NY2d 54; *People v Stokes,* 117 AD2d 693, *lv denied* 67 NY2d 890).

Lastly, we have reviewed the defendant's sentence and find it to be appropriate under all of the circumstances. Mangano, J. P., Brown, Lawrence and Spatt, JJ., concur.