■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY PRICE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Vaccaro, J.), rendered February 4, 1986, convicting him of robbery in the first degree, robbery in the second degree and grand larceny in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

During their case-in-chief, the People elicited testimony from the arresting officer that at the time of his arrest the defendant was found hiding in a closet of his aunt's apartment. The evidence of the defendant's effort to shield himself from discovery was properly admitted as some indication of a consciousness of guilt (see, People v Limage, 57 AD2d 906, affd

45 NY2d 845; *People v Ofunniyin,* 114 AD2d 1045, 1047). When the prosecution has offered evidence of flight tending to establish the defendant's consciousness of guilt, the defendant may explain his behavior, and "is entitled to the benefit of any explanation of his flight consistent with his innocence" *(People v Gonzales,* 92 AD2d 873, 874, *rearg granted, mod on other grounds* 96 AD2d 847, *affd* 61 NY2d 633). At bar, the defendant sought to rebut the unfavorable inference of guilt which may be ·drawn from the People's evidence by eliciting on cross-examination of the arresting officer that the defendant was hiding because he thought he was being arrested for a violation of parole not connected with the instant robbery. The defendant sought to minimize the prejudice resulting from this testimony by requesting the court to issue an appropriate instruction to the jury that the evidence of the defendant's parole status was introduced for a limited purpose. The trial court's failure to issue limiting instructions was error *(cf., People v Ciervo,* 123 AD2d 393, 396). However, the effect of the trial court's error was not so prejudicial as to have deprived the defendant of his right to a fair trial. During the robbery, the complainant observed the defendant from a short distance in good lighting conditions for a period of approximately 20 minutes. Furthermore, he was able to identify the defendant in a lineup conducted one month after the crime. Under the circumstances, the error was harmless *(see, People v Crimmins,* 36 NY2d 230, 238-242).

We have reviewed the portions of the jury charge to which the defendant assigns error and find that the trial court did not unfairly marshal the evidence *(see, e.g., People v Saunders,* 64 NY2d 665, 667; *People v Scales,* 121 AD2d 578, *lv denied* 68 NY2d 817). We further conclude that the charge pertaining to the identification issue was complete and unbiased *(see, People v Whalen,* 59 NY2d 273, 279; *cf., People v Hollis,* 106 AD2d 462; *People v Daniels,* 88 AD2d 392).

The defendant's remaining contentions have been considered and found to be without merit. Mangano, J. P., Thompson, Bracken and Weinstein, JJ., concur.