■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS ROMERO, Appellant.—Appeal by the defendant from three judgments of the County Court, Westchester County (Braatz, J.), all rendered February 7, 1985, convicting him of criminal possession of a controlled substance in the fourth degree under indictment Number 83-01616-01; criminal sale of a controlled substance in the first degree and criminal possession of a controlled substance in the first degree under indictment Number 83-01620-01; and criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the third degree (two counts) under indictment Number 83-01630-01, upon jury verdicts, and imposing sentences.

Ordered that the judgments are affirmed.

After the defendant was arrested for possession of cocaine, an undercover operation was initiated during which the defendant sold cocaine to an undercover police officer on three separate occasions. At trial, the defendant raised the affirmative defense of entrapment.

We find that the trial court delivered a balanced charge to the jury and did not err in failing to instruct the jury that the police witnesses were interested as a matter of law. "It is proper for a trial court to charge that a defendant is an interested witness (see, People v Ochs, 3 NY2d 54, 56; People v Stokes, 117 AD2d 693, 694), provided the court also indicates that the prosecution's witnesses may be interested [as the court charged herein] (see, People v Reyes, 118 AD2d 666; People v Astol, 118 AD2d 578; People v Brabham, 77 AD2d 626; People v Srbu, 51 AD2d 978)" (People v Suarez, 125 AD2d 350, lv denied 69 NY2d 750; see, People v Melvin, 128 AD2d 647). The determination of whether a witness is interested in the outcome of a case is ordinarily a question of fact for the jury's determination (People v Gerdvine, 210 NY 184; People v Suarez, supra; People v Reyes, 118 AD2d 666, lv denied 67 NY2d 1056; People v Srbu, 51 AD2d 978).

Moreover, since defense counsel failed to object to that portion of the charge in which the Trial Judge instructed the jury as to the defendant's burden of proving his affirmative defense of entrapment, the issue of law raised by him with respect thereto has not been preserved for our review (CPL 470.05 [2]; People v Thomas, 50 NY2d 467; People v Mincione,

131 AD2d 600, *lv denied* 70 NY2d 715; *People v Giles,* 87 AD2d 636). In any event, we find the defendant's contention as to the impropriety of the charge as given to be without merit *(People v Laietta,* 30 NY2d 68, *cert denied* 407 US 923; *People v Forsman,* 128 AD2d 635). Mollen, P. J., Thompson, Rubin and Spatt, JJ., concur.