■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR ALVARADO, Also Known as CARLOS JUSINO, Appellant.

The defendant claims error in two portions of the court's charge, neither of which are preserved for appellate review (see, CPL 470.05 [2]). In any event, the defendant's claim that the court improperly marshaled the evidence of his intoxication is without merit (see, People v Saunders, 64 NY2d 665; People v Price, 135 AD2d 750). Because evidence of the defendant's intoxication was so minimal, it was up to the court to marshal whatever evidence existed in order to assist the jury in its deliberations. Neither was the court required to charge that the complainant was an interested witness, since there was no evidence that he had a direct penal or personal interest in the outcome of the case (see, People v Strawder, 124 AD2d 758; People v Brabham, 77 AD2d 626). The court's charge which advised the jury that they could consider the interest of any witness was sufficient (see, People v Reyes, 118 AD2d 666, lv denied 67 NY2d 1056). Finally the defendant's contention that the prosecutor's inflammatory summation deprived him of a fair trial finds no support in the record. While 1 or 2 comments may have been better left unsaid the

summation as a whole consisted of proper arguments advanced by the prosecutor based on the evidence or as a fair response to defense counsel's summation. In light of the overwhelming evidence of the defendant's guilt any errors which did occur were harmless *(see, People v Roopchand,* 107 AD2d 35, *affd* 65 NY2d 837). Thompson, J. P., Kunzeman, Rubin and Harwood, JJ., concur.