■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD CAMPBELL, Appellant.—

On the instant appeal, the defendant argues that the jury's verdict, convicting him of assault in the third degree but acquitting him of assault in the second degree, was repugnant, since both crimes contain the element of "physical injury" *(see,* Penal Law §§ 120.00, 120.05).

Initially, it should be noted that this argument has not been preserved for appellate review (see, *People v Satloff*, 56 NY2d 745, 746). In any event, it must be rejected on the merits.

The crime of assault in the second degree, as charged to the jury, was based on Penal Law § 120.05 (6), which provides in pertinent part: "In the course of and in furtherance of the commission of a felony * * * or of immediate flight therefrom, he * * * causes physical injury to a person other than one of the participants". The crime of assault in the third degree, for which the defendant was convicted, was charged to the jury pursuant to Penal Law § 120.00 (1), which provides in pertinent part that: "With intent to cause physical injury to another person, he causes such injury to such person". Accordingly, the jury could have found, based on the charge, that the defendant did not assault the complainant during the course of a robbery, but did in fact intend to, and caused physical injury to the complainant. It is now well settled that a verdict will only be found to be repugnant, if, in the view of the actual charge given, it is "inherently self-contradictory" *(People v Tucker*, 55 NY2d 1, 8; *People v Green*, 71 NY2d 1006, 1008). Under this analysis, the defendant's argument must be rejected.

There is nothing in the record to support the defendant's argument that the court erred in denying his request to charge that the complaining witness was an interested witness as a matter of law *(People v Suarez*, 125 AD2d 350). A review of the charge in question reveals that the court properly advised the jury that they could consider the interest of any witness *(see, People v Reyes*, 118 AD2d 666).

We have reviewed the defendant's remaining arguments and find them to be without merit *(see, Matter of Philip A.*, 49 NY2d 198, 200; *People v Sherrod*, 132 AD2d 683; *People v Suitte*, 90 AD2d 80). Mangano, J. P., Kunzeman, Eiber and Kooper, JJ., concur.