■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN RICCIARDI, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Farlo, J.), rendered February 25, 1988, convicting him of criminal sale of a controlled substance in the first degree and criminal possession of a controlled substance in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant challenges, on *Rosario* grounds, the court's failure to permit his counsel to personally examine the entire contents of a case folder kept by Senior Investigator Donovan of the New York State Police. The court examined the folder in camera, directed that certain documents contained in it be provided to the defendant's counsel, and refused access to documents related to the codefendants which contained no reference to the defendant. We find that the court, following the procedure set forth in *People v Poole* (48 NY2d 144, 149), properly examined the file in camera and determined that the documents which the defendant sought to obtain were not "relevant to the subject matter of a witness' testimony" *(People v Poole, supra,* at 149-150). There is no basis for setting aside the court's conclusion *(see, People v Mills,* 142 AD2d 653, 654).

We find no error in the trial court's second supplemental entrapment charge *(see,* Penal Law § 40.05; *People v Romero,* 136 AD2d 659, 659-660; *People v Forsman,* 128 AD2d 635; 1 CJI[NY] 40.05, at 930; Charges to Jury Criminal Case § 5:12). Lastly, the defendant's sentence was not excessive *(see, People v Suitte,* 90 AD2d 80). Thompson, J. P., Harwood, Balletta and Rosenblatt, JJ., concur.