■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISRAEL CARRERAS, Appellant.—Judgment, Supreme Court, New York County (Rose L. Rubin, J.), rendered October 1, 1990, convicting defendant, after a jury trial, of two counts of attempted robbery in the second degree, and sentencing him, as a second felony offender, to two concurrent terms of imprisonment of 3½ to 7 years, unanimously affirmed.

Defendant argues that he was denied a fair trial because the court's charge did not specifically state that his prior convictions could be considered only for the purpose of evaluating his credibility. While the charge did not include such a statement (it is certainly preferable for such language to appear), neither did it suggest any improper use of defendant's convictions, and it cannot be presumed that the jury failed to follow the court's plain instruction that "such convictions may be shown for the purpose of affecting the credibility of [defendant's] testimony." Viewed as a whole, the charge adequately

apprised the jury of the legal standard to apply in evaluating defendant's credibility *(People v Canty,* 60 NY2d 830).

Defendant's argument that the court's instructions on interested witnesses, coupled with the prosecutor's summation, suggested to the jury that defendant's "mere status" could provide a basis for determining that he was less credible than the prosecution witnesses, is unpreserved, since defendant neither requested an additional charge nor objected to the charge as given (CPL 470.05 [2]). In any event, were we to consider the argument in the interest of justice, we would find that the charge properly explained the standards for evaluating the interest of a witness *(People v Bowen,* 134 AD2d 356, *lv denied* 70 NY2d 929). Concur—Sullivan, J. P., Milonas, Rosenberger, Ross and Kassal, JJ.