■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JORGE OLIVERO, Appellant. [668 NYS2d 482] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Corrado, J.), rendered September 12, 1995, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

In its jury instruction, the trial court explained that the issue of whether a witness was interested, and the effect of this interest upon the witness's testimony, was for the jury to decide. The court thereafter instructed the jury that the defendant's wife, mother, brother, and stepdaughter were interested witnesses.

It is well settled that the question of whether a witness is interested is one of fact for the jury (*see, People v Jackson,* 80 AD2d 904; *see also, People v Arkim,* 179 AD2d 1019; *People v Spruill,* 125 AD2d 510; *People v Suarez,* 125 AD2d 350; *People v Whitmore,* 123 AD2d 336; *People v Reyes,* 118 AD2d 666). The court's contradictory and misleading instruction, which ultimately conveyed to the jury that the testimony of four of the defendant's five witnesses should be scrutinized more carefully than that of ordinary witnesses, may not be deemed harmless error.

The defendant's remaining contentions are without merit. Mangano, P. J., Bracken, Copertino and Santucci, JJ., concur.