THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROCCO PANETTA, Appellant. [673 NYS2d 434] —Appeal by the defendant from two judgments of the County Court, Nassau County (Jonas, J.), both rendered November 20, 1996, convicting him of (1) forgery in the second degree, criminal possession of a forged instrument in the second degree, and criminal impersonation in the second degree, upon a jury verdict, and imposing sentence under Indictment No. 91362, and (2) criminal possession of stolen property in the third degree and illegal possession of a vehicle identification number, upon a plea of guilty, and imposing sentence under Indictment No. 91369.

Ordered that the judgment under Indictment No. 91362 is reversed, on the law, and a new trial is ordered; and it is further,

Ordered that the judgment under Indictment No. 91369 is reversed, on the law, the defendant's plea is vacated, and the matter is remitted to the County Court, Nassau County, for further proceedings.

Under Indictment No. 91362 the prosecution charged the defendant with, *inter alia,* the crimes of criminal impersonation, forgery, and possession of forged documents claiming that he had sold a house barge belonging to the complainant, allegedly without the complainant's authorization. The defendant testified that, pursuant to an oral agreement with the complainant, he had acted as the complainant's agent in all transactions connected to the sale of the house barge, and had held himself out to be the complainant at the complainant's specific request. Upon selling the house barge for $16,000 in cash, the defendant testified that he promptly turned over these sale proceeds to the complainant, who, in violation of the terms of their oral agreement, never paid him his 10% commission.

We find that the trial court effectively deprived the defendant of his right to present his agency defense by, *inter alia,* refusing to allow him to cross-examine the complainant with respect to his motives to fabricate his testimony. Specifically, the court refused to allow the defendant to question the complainant as to whether, at the time of these events, the complainant was personally liable for a deficiency judgment in excess of $130,000 as a result of his default on a mortgage loan on his Seaford home, and whether he owed in excess of $25,000

to credit card companies. The court also refused to allow the defendant to question the complainant concerning assorted insurance claims and lawsuits he had filed based upon his contentions that his Seaford home had been damaged by fire and subsequently was entirely burned; that his house barge had sustained water damage and then had sunk; that his Queens law office had suffered a fire; that a luxury car in his possession had been stolen; that his Oceanside home had been vandalized by contractors; and that some $126,000 in personal property had been removed from his house barge. The trial court, in essentially foreclosing the defendant from cross-examining the complainant about these matters, divested him of his constitutional right to confront the witnesses against him, and prevented him from demonstrating to the jury the complainant's need to acquire money by selling the house barge while distancing himself from the sale in order to avoid charges of defrauding his creditors (*see, e.g., Davis v Alaska,* 415 US 308; *People v Hudy,* 73 NY2d 40; *People v Rufrano,* 220 AD2d 701; *People v Jones,* 193 AD2d 696; *People v Thompson,* 120 AD2d 627; NY Const, art I, § 6).

Compounding this error, the trial court failed to respond to repeated requests from the deliberating jury for clarification as to whether "a verbal contract [could be] legal as long as both parties agree and understand by having a meeting of the minds [regarding] the terms of the contract". These queries had apparently been provoked by the strong intimation during the prosecutor's cross-examination of the defendant that no agreement between him and the complainant could have been valid if it had not been reduced to writing. Characterizing these requests as too "general", the court twice required further "clarification", until at length the jury withdrew its demand, and contented itself with rehearing the court's original charge.

The court did not respond meaningfully to the jury's expressions of confusion regarding a central issue in the case, i.e., whether the defendant had acted with the requisite *mens rea.* The court's mere reiteration of its original charge did not address the jury's request for additional instructions (*see, e.g., People v Almodovar,* 62 NY2d 126, 131-132; *People v Brabham,* 77 AD2d 626). By refusing to clarify that the defendant would not be guilty of the crimes charged if he had acted with the authority of the complainant (*see, e.g., People v Levitan,* 49 NY2d 87; *People v Wiman,* 148 NY 29; *see also, Healy v Malcolm,* 496 F Supp 941, 943; *People v Cannarozzo,* 62 AD2d 503, *affd* 48 NY2d 687), the court "unduly emphasized the prosecution's theory of the case, without any significant reference to

the evidence adduced on behalf of the defendant" (*People v Chambers,* 73 AD2d 976).

The court also erred in delivering an unbalanced charge regarding interested witnesses in the context of a case where the facts were closely contested (*see, e.g., People v Brabham, supra; cf., People v Suarez,* 125 AD2d 350). Thus, while it was not error for the court to charge that the defendant was an interested witness, it should also have noted the interests of the complainant and another prosecution witness, who had brought civil suits for money damages based upon the events underlying the instant criminal prosecution, and who therefore stood to benefit financially from the defendant's conviction (*see, e.g., People v Brabham, supra; People v Russillo,* 65 AD2d 608; *People v Srbu,* 51 AD2d 978).

Finally, the defendant pleaded guilty to unrelated charges of criminal possession of stolen property in the third degree and illegal possession of a vehicle identification number under Indictment No. 91369 following his conviction on Indictment No. 91362, because he was promised a concurrent sentence (*see, e.g., People v Rogers,* 48 NY2d 167, 174-175; *People v Schaaff,* 77 AD2d 607). In addition, the defendant elected to plead guilty to the charges contained in the indictment, instead of a lesser charge offered by the District Attorney, rather than waive his right to appeal. Accordingly, the convictions are "inextricably intertwined", with the result that the defendant's plea under Indictment No. 91369 should be vacated, and the matter remitted for further proceedings (*People v Schaaff, supra,* at 608; *see also, People v Rogers, supra; People v Clark,* 45 NY2d 432; *People v Yiu C. Choy,* 173 AD2d 883, 884).

In view of the foregoing, we decline to address the remaining issues raised on appeal. O'Brien, J. P., Santucci, Altman and Friedmann, JJ., concur.