■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR MARTINEZ, Appellant. [698 NYS2d 806] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him following a jury trial of five counts of burglary in the first degree (Penal Law § 140.30 [2], [3]) and three counts of assault in the second degree (Penal Law § 120.05 [2]). We reject defendant's contention that the accomplice testimony is not sufficiently corroborated. The corroboration requirement is satisfied by evidence independent of the accomplice testimony "tending to connect the defendant with the commission" of the crime (CPL 60.22 [1]; *see, People v*

*Steinberg,* 79 NY2d 673, 683; *People v Moses,* 63 NY2d 299, 306). Corroborative evidence need not independently establish each element of the offense (*see, People v Breland,* 83 NY2d 286, 293; *People v Wilson,* 252 AD2d 241, 249-250). The accomplice testimony is amply corroborated by the testimony of a neighbor of the victims, who testified that defendant approached her and told her not to tell the police anything if they arrived. She observed defendant and two other men walk past her down the street and down the driveway toward the door of the victims' house. She could not see defendant enter the house, but defendant's accomplices walked past her several minutes later carrying a stereo, and she heard defendant's voice from the vicinity of the victims' house. (Appeal from Judgment of Erie County Court, D'Amico, J.—Burglary, 1st Degree.) Present—Green, J. P., Lawton, Hayes, Hurlbutt and Balio, JJ.