■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS R. COMSTOCK, Appellant. [698 NYS2d 812] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him following a jury trial of burglary in the third degree (Penal Law § 140.20). Upon arriving at the scene of the burglary, an investigating police officer discovered a traffic ticket that he had issued the day before. After questioning by the police, the person to whom the ticket had been issued gave a confession implicating defendant. Contrary to defendant's contention, the testimony of the accomplice was sufficiently corroborated (*see, People v Moses,* 63 NY2d 299, 306; *People v Daniels,* 37 NY2d 624, 629-630). The statement of defendant to the police that he was with the accomplice all night was confirmed by defendant's wife; the testimony of the accomplice's mother placed defendant and the accomplice near the scene of the crime around 3:00 A.M.; and other details described by the accomplice were corroborated by defendant's wife or the accomplice's mother.

We also reject the contentions that the conviction is against the weight of the evidence or based on legally insufficient evidence (*see, People v Bleakley*, 69 NY2d 490, 495). County Court's *Sandoval* ruling did not constitute an abuse of discretion (*see, People v Walker*, 83 NY2d 455, 458-459; *People v Laraby*, 219 AD2d 817, *lv denied* 88 NY2d 849, 937).

We agree with defendant, however, that the court erred in allowing the People to present evidence that defendant admitted that he committed prior larcenies of car stereos from the same business. Such evidence is admissible "in limited circumstances, when the defendant employs some unique, unusual, or distinctive modus operandi in an uncharged crime that is relevant to proving his identity as the perpetrator of the crime charged" (*People v Mateo*, 93 NY2d 327, 332; *see, People v Condon*, 26 NY2d 139, 143-144). Here, the prior larcenies lacked sufficient similarity to the instant crime to have a "significant bearing upon the identity issue" (*People v Johnson*, 114 AD2d 210, 212; *cf., People v Beam*, 57 NY2d 241, 251-252). We conclude, however, that the error is harmless (*see, People v Crimmins*, 36 NY2d 230, 242).

We have reviewed defendant's remaining contentions and conclude that they are without merit. (Appeal from Judgment of Allegany County Court, Noonan, J.—Burglary, 3rd Degree.) Present—Pine, J. P., Wisner, Pigott, Jr., Hurlbutt and Scudder, JJ.