■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY PUCKETT, Appellant. [705 NYS2d 381] —Appeal by the defendant from two judgments of the Supreme Court, Queens County (Rotker, J.), both rendered April 27, 1998, convicting him of robbery in the first degree under Indictment Number 3023/96, and robbery in the first degree under Indictment Number 3034/96, upon his pleas of guilty, and imposing sentences. The appeals bring up for review the denial, after a hearing (O'Dwyer, J.H.O., findings of fact and conclusions of law; Schulman, J., on the order), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgments are reversed, on the law, the pleas are vacated, and the matters are remitted to the Supreme Court, Queens County, for further proceedings consistent herewith, including an independent source hearing under Indictment Number 3034/96.

We agree with the defendant that, due to dissimilarities between him and the lineup fillers, the lineup procedure with regard to Indictment Number 3034/96 was unduly suggestive (*see, People v Owens,* 74 NY2d 677; *People v Murphy,* 260 AD2d 505). Thus, because the People did not have an opportunity to establish the existence of an independent source, if any, for the store patron's in-court identification of the defendant, further

proceedings, including an independent source hearing, are required (*see, People v Burts,* 78 NY2d 20).

Both judgments are reversed since the defendant's pleas of guilty with respect to both indictments were conditioned on the negotiated agreement that he would receive concurrent sentences (*see, People v Clark,* 45 NY2d 432; *People v Panetta,* 250 AD2d 710).

The defendant's remaining contentions are without merit. Joy, J. P., S. Miller, Friedmann and Florio, JJ., concur.