THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DONALD J. AMELL, Respondent. [716 NYS2d 176] —Order unanimously reversed on the law, motion denied, indictment reinstated and matter remitted to Jefferson County Court for further proceedings on the indictment. Memorandum: County Court erred in granting defendant's motion to dismiss the indictment on the ground that the evidence before the Grand Jury was legally insufficient. We disagree with the court's determination that the testimony of the accomplice was not sufficiently corroborated. The corroboration requirement is satisfied by evidence independent of the accomplice testimony "tending to connect the defendant with the commission" of the crime (CPL 60.22 [1]; *see, People v Steinberg,* 79 NY2d 673, 683; *People v Moses,* 63 NY2d 299, 306). Here, the accomplice testimony was amply corroborated by the testimony of a police officer that defendant, after being charged with committing the burglary, made statements indicative of a consciousness of guilt and also admitted being with the accomplice and giving

the accomplice a ride at the time that the burglary was committed. The statement of defendant to the police was confirmed by the testimony of the accomplice's wife. In addition, one of defendant's co-workers testified that, prior to the burglary, defendant inquired whether the victims were at home, and that, following his arrest, defendant threatened the co-worker. That evidence was sufficient to corroborate the testimony of the accomplice (*see, People v Martinez*, 266 AD2d 847, *lv denied* 94 NY2d 904; *People v Comstock*, 266 AD2d 856, *lv denied* 94 NY2d 917). Therefore, we reverse the order, deny defendant's motion, reinstate the indictment, and remit the matter to Jefferson County Court for further proceedings on the indictment. (Appeal from Order of Jefferson County Court, Martusewicz, J.—Dismiss Indictment.) Present—Pigott, Jr., P. J., Hayes, Hurlbutt, Balio and Lawton, JJ.