■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NOAH ISAAH ADAMS, Appellant. [719 NYS2d 428] —Judgment unanimously modified on the law and as modified affirmed and matter remitted to Supreme Court for sentencing in accordance with the following Memorandum: Defendant appeals from a judgment convicting him after a jury trial of burglary in the first degree (Penal Law § 140.30 [1]) and grand larceny in the third degree (Penal Law § 155.35). The testimony at trial established that defendant, along with an accomplice, entered a residence and stole property consisting of guns, ammunition, jewelry, a coin collection, and other money.

Supreme Court properly denied defendant's motion to set

aside the verdict based on alleged juror misconduct (*see,* CPL 330.30 [2]). "Absent a showing of prejudice to a substantial right * * * proof of juror misconduct does not entitle a defendant to a new trial" (*People v Irizarry,* 83 NY2d 557, 561; *see, People v Maragh,* 94 NY2d 569, 574; *People v Clark,* 81 NY2d 913, 914). At the hearing on the motion, the juror admitted that he had indicated on the juror questionnaire that no relative or close friend had been the victim of a crime when in fact a close friend had been the victim of an unsolved murder. The juror stated that his failure to answer that question correctly was inadvertent. The juror further testified that the subject of his friend's murder arose during jury deliberations when the jurors were talking about crime in general. The juror testified that he entered deliberations with an open mind and that his friendship with his murdered friend did not affect his deliberations on defendant's case. Defendant, who also testified at the hearing, stated that he had participated in the selection of the jury and that one of the criteria that he had used in determining whether to excuse a prospective juror was whether the juror had been the victim of a crime or had friends or family members who were victims. Defendant failed to establish, however, that the juror who was the subject of his motion had used the information about his friend to influence the jury or that the juror was predisposed to find defendant guilty. The statements of the juror were not prejudicial to defendant, and there was no showing that any substantial right of defendant was affected (*see, People v Kanner,* 272 AD2d 866, 867, *lv denied* 95 NY2d 867; *People v Leonard,* 252 AD2d 740, 741, *lv denied* 92 NY2d 983; *People v Demetsenare,* 243 AD2d 777, 778, *lv denied* 91 NY2d 833).

By failing to object to the court's charge to the jury, defendant failed to preserve for our review his contentions concerning the charge (*see, People v Barren,* 240 AD2d 586, 587, *lv denied* 90 NY2d 938; *People v Baxter,* 232 AD2d 196, 197, *lv denied* 89 NY2d 939; *People v Williams,* 195 AD2d 986, 987, *lv denied* 82 NY2d 905). In any event, those contentions lack merit. The court properly charged the jury that defendant was an interested witness as a matter of law (*see, People v Smith,* 235 AD2d 558, 559, *lv denied* 89 NY2d 1041; *see also, People v Smith,* 240 AD2d 600, 601, *lv denied* 90 NY2d 898). There was no basis for the court to charge that a prosecution witness, a close friend of defendant's accomplice, was an interested witness as a matter of law because that was an issue for jury determination (*see, People v Cullen,* 175 AD2d 658, 659, *lv denied* 78 NY2d 1010; *People v Suarez,* 125 AD2d 350, 350-351, *lv denied* 69 NY2d 750). The court gave a balanced charge,

properly instructing the jurors that they could consider the interest or bias of any witness in assessing credibility (*see, People v Inniss,* 83 NY2d 653, 659; *People v Young,* 249 AD2d 576, 578, *lv denied* 92 NY2d 908; *People v Alvarado,* 140 AD2d 446, *lv denied* 72 NY2d 915). Defendant's contention that the court improperly marshalled the evidence also lacks merit. The court's reference to the evidence in explaining the legal principle requiring corroboration of accomplice testimony did not place undue emphasis on the People's contentions (*see, People v Simpson,* 270 AD2d 507, *lv denied* 95 NY2d 858; *People v Valdez-Rodrigues,* 235 AD2d 627, 629, *lv denied* 89 NY2d 1041; *People v Goldfeld,* 60 AD2d 1, 8, *lv denied* 43 NY2d 928).

Defendant further contends that the conviction is not supported by legally sufficient evidence because the testimony of the accomplice was not sufficiently corroborated. Defendant failed to preserve that contention for our review (*see, People v Parsons,* 275 AD2d 933; *People v Blaho,* 221 AD2d 650, *lv denied* 87 NY2d 970). In any event, the accomplice testimony was amply corroborated by the testimony of a witness that defendant admitted to her that he had committed the crimes, the testimony of an undercover State Trooper that he purchased the stolen guns from defendant, and other testimony (*see, People v Martinez,* 266 AD2d 847, *lv denied* 94 NY2d 904; *People v Adams,* 222 AD2d 1093, 1093-1094, *lv denied* 88 NY2d 844; *People v Vaccaro,* 214 AD2d 981, 982, *lv denied* 86 NY2d 742; *see generally,* CPL 60.22 [1]).

We agree with defendant, however, that the conviction of burglary in the first degree is based on legally insufficient evidence because the People failed to establish that defendant was armed with a "deadly weapon" (Penal Law § 140.30 [1]; *see,* Penal Law § 10.00 [12]), i.e., that the weapon was both operable and loaded with live ammunition (*see, People v Shaffer,* 66 NY2d 663, 664). Although the People established that the weapon was operable by presenting the testimony of a Federal agent who test-fired the weapon using ammunition seized from defendant and determined that the weapon was operable, they failed to establish that the weapon was loaded with live ammunition (*see, People v Shaffer, supra,* at 664; *People v McIlwain,* 259 AD2d 1046, 1047, *lv denied* 94 NY2d 798; *People v Wilson,* 252 AD2d 241, 245-248). The evidence is legally sufficient to support a conviction of burglary in the second degree (Penal Law § 140.25 [2]; *see, People v Wilson, supra,* at 248). We therefore modify the judgment by reducing the conviction of burglary in the first degree to burglary in the second degree and vacating the sentence imposed thereon, and

we remit the matter to Supreme Court for sentencing on that conviction (*see,* CPL 470.20 [4]). (Appeal from Judgment of Supreme Court, Herkimer County, Kirk, J.—Burglary, 1st Degree.) Present—Green, J. P., Pine, Hayes and Scudder, JJ.