**Gail IDLETT, Petitioner–Appellant,**

v.

**Anginell ANDREWS, Respondent–Appellee.**

Docket No. 04–6528–PR.

United States Court of Appeals, Second Circuit.

Oct. 4, 2005.

Irma B. Ascher, New York, N.Y., for Petitioner–Appellant.

Thomas M. Ross, Assistant District Attorney (Leonard Joblove and Amy Appelbaum, Assistant District Attorneys), for Charles J. Hynes, District Attorney, Kings County, New York, Brooklyn, N.Y., for Appellee, of counsel.

Present: CALABRESI, KATZMANN, and RAGGI, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Petitioner–Appellant Gail Idlett appeals from the August 29, 2003 judgment of the district court (Weinstein, *J.*) denying her petition for a writ of habeas corpus. Following a jury trial, Idlett was convicted in New York state court of attempted robbery. She now raises three claims of constitutional error relating to the use at trial of evidence that she had lied to police in connection with an earlier matter ("the prior incident").

We assume the parties' familiarity with the facts, the procedural history, and the specification of issues on appeal.

At a pretrial hearing,[1] the trial court ruled that the prosecutor could not bring up the prior incident on cross-examination, as it might be thought to show, to an improper degree, propensity to commit

---

1. In state court criminal trials in New York, the judge holds a pretrial hearing to determine which of the defendant's prior crimes and bad acts may be introduced by the prosecution on cross-examination. *People v. Sandoval*, 34 N.Y.2d 371, 357 N.Y.S.2d 849, 314 N.E.2d 413 (1974).

bad acts. After defense counsel's opening statement, but before Idlett took the stand, the court changed its ruling and permitted cross-examination on the incident to impeach Idlett's credibility. Idlett claims that (1) the introduction of the prior incident on cross-examination, (2) the prosecutor's references to it on summation, and (3) the trial court's failure to give a limiting jury instruction that the evidence related only to credibility denied her constitutional due process.

■ In allowing cross-examination on the prior incident, the trial court may have been swayed, in part, by the similarity between the facts of that incident and Idlett's defense in the attempted robbery trial. Be that as it may, the prior incident was not relevant to Idlett's propensity to commit the charged armed robbery; rather, it undeniably bore directly on Idlett's credibility. We conclude that the trial court's decision to allow the introduction of the incident, if error at all, did not rise to the level of constitutional error. *See Crane v. Kentucky,* 476 U.S. 683, 689, 106 S.Ct. 2142, 90 L.Ed.2d 636 (1986) (noting the Supreme Court's "traditional reluctance to impose constitutional constraints on ordinary evidentiary rulings by state trial courts"); *Loliscio v. Goord,* 263 F.3d 178, 191 (2d Cir.2001) (noting that to show a state court's adjudication of his federal claim was contrary to or an unreasonable application of clearly established federal law within the meaning of 28 U.S.C. § 2254, a habeas petitioner must "identify a clearly established Supreme Court precedent that bears on his claim"); *see also Luce v. United States,* 469 U.S. 38, 42–43, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984) (suggesting that the challenge to a similar evidentiary ruling under Fed.R.Evid. 609(a) does not present a question of constitutional dimension).

■ To show constitutional error with respect to the prosecution's comments on summation, a petitioner must demonstrate that "the prosecutors' comments 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Darden v. Wainwright,* 477 U.S. 168, 181, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986) (quoting *Donnelly v. DeChristoforo,* 416 U.S. 637, 643, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974)). As the district court determined, if any of the prosecutor's closing remarks were improper, the impropriety was minimal. *See United States v. Peterson,* 808 F.2d 969, 977 (2d Cir.1987) (holding that "the prosecutor's characterization of the defendant's testimony as lies" was not improper, as the prosecutor's argument "was plainly directed toward the credibility of the witnesses and was within the bounds of propriety"); *cf. Tankleff v. Senkowski,* 135 F.3d 235, 252 (2d Cir.1998) (finding prosecutor's summation constituted severe misconduct because, *inter alia,* it ignored sworn testimony and mischaracterized the record). Hence, Idlett's claim of constitutional error must fail.

■ Idlett's final claim is that the trial court erroneously failed to give the jury a limiting instruction that evidence of the prior incident was relevant only to credibility. Indeed, the trial court should have given such an instruction under state law. *See, e.g., People v. Price,* 135 A.D.2d 750, 751, 522 N.Y.S.2d 870 (2d Dep't 1987). But as the district court noted, defense counsel made "no special request[ ]" at the charge conference for a specific instruction regarding Idlett's testimony in the final jury charge, Trial Tr. at 411, and his failure to renew his request for a limiting instruction must be taken as a conscious decision, *Dunnigan v. Keane,* 137 F.3d 117, 127 (2d Cir.1998), one that undermines Idlett's claim of prejudice on appeal. Under these circumstances, we cannot con-

clude that the court's failure to give a limiting instruction rose to the level of a federal constitutional error warranting habeas relief. *Dunnigan*, 137 F.3d at 127.

We have considered all of Idlett's arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.