■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN N. ROWLAND, Appellant. [818 NYS2d 668]—

Peters, J. Appeals (1) from a judgment of the County Court of Saratoga County (Scarano, Jr., J.), rendered August 10, 2004, convicting defendant upon his plea of guilty of the crimes of criminally negligent homicide and criminal possession of a weapon in the third degree, and (2) by permission, from an order of said court, entered January 11, 2006, which denied

defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

Following several days of a jury trial in connection with a nine-count indictment issued upon defendant's shooting of a person which resulted in the victim's death, defendant entered an *Alford* plea to criminally negligent homicide and criminal possession of a weapon in the third degree. Pursuant to the plea agreement, defendant was sentenced to two consecutive prison terms of 2 to 4 years. They were set to run concurrently with two previously imposed sentences, 1 to 3 years for a violation of probation and 2 to 4 years for criminal possession of stolen property in the fourth degree. Subsequently, we reversed the stolen property conviction and remitted that matter for a new trial (14 AD3d 886 [2005]). Defendant pleaded guilty to a reduced charge and was sentenced to a term of incarceration of one year which he had already served. Defendant thereafter moved pursuant to CPL 440.10 to vacate his convictions of criminally negligent homicide and criminal possession of a weapon in the third degree. County Court denied said motion, prompting these appeals.

Defendant contends that, in accordance with established case law, when a plea of guilty is induced by a promise that the sentence will run concurrent to a previously imposed sentence which is later reversed or vacated, the plea must be vacated because it was based upon a sentencing promise which can no longer be fulfilled (*see People v Pichardo*, 1 NY3d 126 [2003]; *People v Puckett*, 270 AD2d 364 [2000]; *People v Panetta*, 250 AD2d 710 [1998], *lv denied* 92 NY2d 903 [1998]; *People v Boyle*, 164 AD2d 938 [1990]). We are not persuaded that this rule is applicable under these circumstances because defendant's plea was not "inextricably intertwined" with his previous convictions (*People v Schaaff*, 77 AD2d 607, 608 [1980]; *cf. People v Panetta, supra* at 712).

Defendant's previous convictions were neither charged nor resolved contemporaneously with the challenged plea (*compare People v Panetta, supra* at 712; *People v Schaaff, supra* at 607-608). Additionally, the promise of concurrent sentences did not amount to an understanding that, by virtue of the plea, defendant would avoid additional prison time (*cf. People v Pichardo, supra* at 129; *People v Fuggazzatto*, 62 NY2d 862, 863 [1984]). To the contrary, the agreed-upon aggregate sentence was longer than the aggregate term of the two prior sentences and one of those prior sentences still remains. Moreover, the record indicates that defendant's decision to enter the challenged plea was induced by a desire to avoid the possibility of serving a

much lengthier sentence if he was convicted at trial of murder in the second degree.*

Even recognizing the unusual and complicated circumstances presented here, we find that, since the plea was entered voluntarily and intelligently following several days of trial, there is no reason to permit defendant to profit from the reversal of a conviction on an unrelated charge (*see People v Lowrance*, 41 NY2d 303, 304 [1977]; *People v Hooper*, 302 AD2d 894, 895 [2003]; *People v Walker*, 224 AD2d 781, 782 [1996], *lv denied* 88 NY2d 970 [1996]).

Cardona, P.J., Spain, Carpinello and Kane, JJ., concur. Ordered that the judgment and order are affirmed.

---

* During the plea proceeding, defendant did not indicate that the promise of a concurrent sentence was the precipitating factor underlying his decision to enter the plea. Rather, he agreed with County Court that the reason he was entering the plea was because he "believe[d] that there may be sufficient evidence to convict [him] at a trial and [he did not] want to risk being found guilty after trial and receiving a more severe sentence than the one [promised]."