■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID SMITH, Appellant. [719 NYS2d 33] —Judgment, Supreme Court, New York County (John Stackhouse, J.), rendered May 21, 1998, convicting defendant, after a jury trial, of auto stripping in the second degree and possession of burglar's tools, and sentencing him, as a second felony offender, to concurrent terms of 2 to 4 years and 1 year, respectively, unanimously affirmed.

The court properly denied defendant's request for a missing witness charge as to the owner of the vehicle that had been broken into by defendant. Under the particular circumstances, the court properly concluded that the vehicle owner should not be deemed to be under the People's "control" solely by virtue of his status as the victim of the crime (*compare, People v Robertson*, 205 AD2d 243, 246, *lv denied* 85 NY2d 913). The uncalled witness, a visitor from Texas, was the victim of a property crime committed when defendant was observed in his vehicle. After signing a supporting deposition, the uncalled witness returned to Texas. There is no basis for a finding of control for purposes of a missing witness instruction. The court properly concluded that the witness was unavailable and that reasonable efforts were made by the People to contact him before and during trial and that these efforts were unsuccessful. The ability of the People to subpoena this Texas resident was also questionable. It is not clear that the materiality, necessity, and absence of undue hardship requirements of the Uniform Act to Secure the Attendance of Witnesses from Without the State in Criminal Cases (CPL 640.10; *People v McCartney*, 38 NY2d 618) could be met under the circumstances of the case (*see, People v Walker*, 105 AD2d 720, *lv denied* 64 NY2d 787). The uncalled witness's testimony would have been cumulative in that the incident was also witnessed by his companion who testified to same. Concur—Williams, J. P., Mazzarelli, Andrias, Lerner and Friedman, JJ.