■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAUN STEWART, Appellant. [946 NYS2d 478]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gary, J.), rendered June 17, 2010, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the trial court providently exercised its discretion in denying his request for a missing witness charge as to one of the police officers who responded after the crime (*see People v Savinon*, 100 NY2d 192, 196-197 [2003], *cert denied* 558 US —, 130 S Ct 497 [2009]; *People v Gonzalez*, 68 NY2d 424, 427 [1986]). While the police officer may have been in a position to have knowledge regarding a material issue, the defendant failed to demonstrate that the police officer's testimony would have been noncumulative (*see People v Edwards*, 14 NY3d 733, 735 [2010]; *People v Buckler*, 39 NY2d 895, 897 [1976]; *People v Lemke*, 58 AD3d 1078, 1079 [2009]; *People v Watson*, 220 AD2d 333 [1995]). The trial court also providently exercised its discretion in denying the defendant's request for a missing witness charge with respect to a manager of the restaurant where the crime occurred, who allegedly witnessed the crime. The defendant's contention on appeal that the People failed to make the requisite diligent efforts to produce the manager, who was outside of the state at the time of the trial, by subpoena pursuant to CPL 640.10, is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Lopez*, 19 AD3d 510, 511 [2005]; *People v Simon*, 6 AD3d 733 [2004]). In any event, the defendant's contention is without merit, as the defendant failed to demonstrate that the manager was available and under the People's control (*see People v Smith*, 279 AD2d 259 [2001]; *People v Vigliotti*, 270 AD2d 904, 905 [2000]; *People v Walker*, 105 AD2d 720 [1984]). Angiolillo, J.P., Florio, Belen and Chambers, JJ., concur.