THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER OTIGHO, Appellant. [978 NYS2d 325]—

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we.nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The trial court providently exercised its discretion in denying the defendant's request for a missing witness charge. The defendant failed to demonstrate that the witness was available

and under the People's control (*see People v Gonzalez*, 68 NY2d 424, 427-431 [1986]; *People v Stewart*, 96 AD3d 880, 881 [2012]).

Nevertheless, reversal is required based upon defense counsel's absence from an in camera interview with a sworn juror and the court's subsequent failure to disclose to the defense what that juror stated during the interview. The juror reported that a third party had told him that the defendant had an "aggressive demeanor," was a "little wild," was "somebody you don't mess around with," and was someone he "should avoid." The trial court, in discharging the juror, merely told defense counsel that this juror had lied to the court and, thus, was grossly unqualified to continue serving pursuant to CPL 270.35.

"[A]n inquiry to determine the existence and extent of prejudice affecting the gross disqualification of a sworn juror . . . is inextricably related to defendant's entitlement to a fair hearing (*see, People v Mullen*, 44 NY2d [1, 6 (1978)]). Therefore, the unique, indispensable presence of at least the 'single-minded counsel for the accused' (*People v Rosario*, 9 NY2d 286, 290 [1961]) is minimally necessary to safeguard that fundamental fairness to defendant" (*People v Darby*, 75 NY2d 449, 453-454 [1990]).

Here, the absence of defense counsel from the in camera interview, coupled with the court's failure to disclose what the juror said, deprived the defense of the opportunity to inquire as to whether the juror made similar prejudicial statements to any other jurors (*see generally People v O'Rama*, 78 NY2d 270, 279 [1991]; *see also People v Kisoon*, 8 NY3d 129 [2007]).

The error was "inherently prejudicial," requiring a new trial (*People v Kisoon*, 8 NY3d at 135 [internal quotation marks omitted]). Mastro, J.P., Chambers, Lott and Miller, JJ., concur.