The People of the State of New York, Respondent, 
against
Mohammed Nazim, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Steven M. Statsinger, J.), rendered October 16, 2015, after a nonjury trial, convicting him of sexual abuse in the third degree, forcible touching and endangering the welfare of a child, and imposing sentence.




Per Curiam.
Judgment of conviction (Steven M. Statsinger, J.), rendered October 16, 2015, affirmed. 
The verdict convicting defendant of third degree sexual abuse (see Penal Law § 130.55), forcible touching (see Penal Law § 130.52) and endangering the welfare of a child (see Penal Law § 260.10[1]) was supported by legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342 [2007]). There is no basis for disturbing the court's determination concerning credibility. The evidence, including the credited testimony of the fourteen-year old victim and the store surveillance video, established that, while the victim was waiting in the checkout line, defendant, an employee of the store, "grabbed" and "squeezed" her right buttock so hard that she could feel his fingers; that defendant positioned himself so close to the victim that she could "feel the warmth of [his] breath on her neck," and that when she turned around to confront defendant, she "bumped into his chest." The court could rationally infer that defendant's conduct was for the purpose of sexual gratification (see People v Williams, 94 AD3d 1555 [2012]) and was not inadvertent (see People v Hernandez, 36 Misc 3d 145[A], 2012 NY Slip Op 51620[U] [App Term, 1st Dept 2012], lv denied 20 NY3d 933 [2012]; People v Jackson, 32 Misc 3d 132[A], 2011 NY Slip Op 51336[U] [App Term, 1st Dept 2011], lv denied 17 NY3d 953 [2011]).
The trial court properly denied defendant's request for a missing witness charge with respect to two witnesses, a fourteen-year old friend of the victim and an instructor who accompanied victim's class on the school trip during which the incident occurred. Defendant failed to show that these uncalled witnesses, both visitors from California, were available and under the People's control (see People v Stewart, 96 AD3d 880, 881 [2012], lv denied 19 NY3d 1001 [2012]; People v Smith, 279 AD2d 259 [2001], lv denied 96 NY2d 835 [2001]) or had any direct knowledge of the circumstances of the crime, much less information favorable to the People (see People v Gonzalez, 68 NY2d 424, 428 [1986]). In any event, any error was harmless in the context of this nonjury trial and given the overwhelming evidence of guilt (see People v Hall, 18 NY3d 122 [2011]; People v McFarlane, 189 AD2d 785, 785 [1993]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: March 29, 2017