People v Lopez (2019 NY Slip Op 00043)





People v Lopez


2019 NY Slip Op 00043


Decided on January 3, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 3, 2019

Sweeny, J.P., Gische, Kahn, Oing, Singh, JJ.


8002 3871/13

[*1]The People of the State of New York, Respondent,
v
Andres Lopez, Defendant-Appellant.


Christina Swarns, Office of The Appellate Defender, New York (Daniel R. Lambright of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (R. Jeannie Campbell-Urban of counsel), for respondent.



Judgment, Supreme Court, New York County (Charles H. Solomon, J.), rendered May 20, 2014, convicting defendant, after a jury trial, of forcible touching and sexual abuse in the third degree, and sentencing him to an aggregate term of one year, unanimously affirmed.
The court properly denied defendant's request for a missing witness charge as to the victim, who had relocated to another state and failed to reveal her new address or otherwise cooperate in any way with the prosecution. The People established that, notwithstanding her status as a victim, she could not be deemed under the People's control for missing witness purposes, and was likewise unavailable (see People v Gonzalez , 68 NY2d 424, 427-429 [1986]; People v Smith , 279 AD2d 259 [1st Dept 2001], lv denied 96 NY2d 835 [2001]; see also People v Gardine , 293 AD2d 287 [1st Dept 2002], lv denied 98 NY2d 651 [2002]).
In any event, regardless of whether the court should have granted a missing witness charge regarding the uncooperative victim, any error was harmless in light of the overwhelming evidence of defendant's guilt (see People v Crimmins , 36 NY2d 230 [1975]), including police observations of defendant's conduct leading up to and during the crime, and an officer's cell phone video. In particular, there was no reasonable possibility that defendant's unmistakable sexual contact with a stranger on the subway was either consensual or inadvertent. Moreover, the court permitted defense counsel to comment on the victim's absence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 3, 2019
CLERK